IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY J. LOGAN DOERR, SR.,**

    **Plaintiff,**

v.                                                                           **Civil Action No. 1:08cv92**
                                                                            **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On March 19, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the United States pursuant to the Federal Tort Claims Act ("FTCA"). This case is before the undersigned for a Report and Recommendation on the complaint, the defendant's motion to dismiss, the plaintiff's response, the government's reply and the plaintiff's surresponse.[1]

### II. The Pleadings

**A. The Complaint**

In the complaint, the plaintiff, a federal inmate, asserts that the United States is liable under the FTCA for the negligent loss of money from his inmate account. In support of his claim, the plaintiff asserts that while an inmate at FCI-Gilmer, the sum of $350 was stolen from his inmate commissary account by another inmate because an employee of the Bureau of Prisons ("BOP")

---

[1] The plaintiff's surresponse is not authorized under the applicable rules. See Fed.R.Civ.P. 7(a) ("[t]here shall be a complaint and an answer . . . [n]o other pleading shall be allowed, except that the court may order a reply to an answer . . ."); see also LR Civ P 7.02(b) (which contemplates only a response and a reply to a motion).

failed to follow the proper procedures for identifying the inmate making the request. Moreover, the plaintiff asserts that another BOP employee forged the plaintiff's signature on a tort claim withdrawal form without his consent or knowledge. Nonetheless, the plaintiff concedes that his tort claim was later investigated by the BOP and denied.[2]

**B.     The Defendant's Motion**

In its motion to dismiss, the defendant seeks the dismissal of the plaintiff's claim as time-barred under the applicable statute of limitations.

**C.     The Plaintiff's Response**

In response to the defendant's motion, the plaintiff argues that the Court should not dismiss his claims as time-barred because he was in transit during the applicable statute of limitations period. Further, the plaintiff alleges that during that time, he did not have access to his legal work and was unable to prepare and timely file his claims. The plaintiff also asserts that the BOP hindered his ability to get the documents needed to properly present his case and that certain BOP employees verbally told him the wrong date on which his tort claim would be due in federal court.

**D.     The Government's Reply**

In it's reply, the government concedes that the plaintiff was in transit during a portion of the applicable statute of limitations period. However, the government correctly notes that the applicable statute of limitations under the FTCA is six months, or 180 days. The government then notes that the plaintiff was in transit for only 58 of the 180 days of the statute of limitations period. Therefore, the government argues that the despite his transfer status, the plaintiff still had ample time within

---

[2] Because the BOP investigated his claim and provided an administrative finding on the merit of the plaintiff's claim, the plaintiff has not and cannot allege any injury regarding his claim that a BOP employee forged his signature on a tort withdrawal form. Thus, even if this claim were not time-barred as set forth more fully herein, the plaintiff would not have a cause of action as to this particular claim.

which to file his federal tort claim. Additionally, the government asserts that despite what he might otherwise have been told verbally, the plaintiff was informed on the written denial of his administrative tort claim, of the appropriate time frame in which he had to file his claim in federal court. Finally, the government notes that despite his transfer and alleged lack of legal materials, the plaintiff was otherwise able to correspond with this and other courts, and that the plaintiff's other actions were partially responsible for the delay in the filing of his claim. The government notes that the plaintiff sent his legal work to a friend in Boonville, Indiana, and that although the plaintiff's ability to mail his own legal work was not hindered by his transfer, the record shows that the plaintiff's friend actually mailed his complaint to the court from Indiana.

**E.  The Plaintiff's Surresponse**

In his sur-response, the plaintiff asserts that he is entitled to the 58 days he was in transit in the calculation of the six month limitation period because it was lost time that he had no control over. In addition, the plaintiff clarifies that his friend was merely holding extra copies of his legal work in case something got lost while he was in transit. Moreover, the plaintiff concedes that his friend sent the final complaint to the Court, but asserts that she did so because the plaintiff was having trouble getting copies made due to his lack of available finances. Finally, the plaintiff argues that because the defendant failed to address the merits of his underlying claim, he is entitled to judgment as a matter of law.

### III.  Standard of Review

**A.  Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community

3

Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving

party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV.   Analysis

It is well-established that the United States is immune from suit unless it consents to be sued. See United States v. Testan, 424 U.S. 392 (1976). However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Nonetheless, the FCTA only waives the government's sovereign immunity if certain terms and conditions are met. Honda v. Clark, 386 U.S. 484 (1967). One of those conditions is that an FTCA action be filed within two years of the incident and within six months of the final claim denial. 28 U.S.C. § 2401(b). This time limitation is jurisdictional and not waivable. Kielwien v. United States, 540 F.2d 676, 679 (4th Cir.) cert. denied, 429 U.S. 979 (1976).

Here, the plaintiff presented his claim to the appropriate agency within two years from the date of the event. See Defendant's Memorandum (dckt. 22), Ex. 1 at Att. A. The plaintiff's administrative claim was denied on September 10, 2007. Id. In the letter of final denial, the plaintiff

was correctly advised that he had six months from the date of the denial to bring suit in federal court. Id. Six months from the date of final denial was March 10, 2008. The plaintiff did not initiate the instant action until March 19, 2008. Therefore, the plaintiff's claim is clearly time-barred.[3]

Nevertheless, the plaintiff argues that he was in transit during 58 of the 180 day statute of limitations period and that he did not have access to his legal work at that time. Therefore, the plaintiff seemingly argues that the statute of limitations should be tolled for 58 days, making his complaint timely. The plaintiff's claim is untenable, however, in light of the exact wording of the statute, and the strict construction the Court must give to the statute. Title 28 U.S.C. § 2401(b) specifically states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Because the FTCA waives the United States traditional grant of sovereign immunity, the statute must be strictly construed. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Put simply, because the United States may not be sued without its permission, the Court may not take it upon itself "to extend the waiver beyond that which Congress intended." Id. Therefore, "[i]f an action is not filed as the statute requires, the six-month time period may not be extended" by the

---

[3] It does not appear that the plaintiff is entitled to the benefit of the "mailbox rule." See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is considered filed under federal law when it is given to prison officials for mailing to the Court). Although he is an incarcerated person, the plaintiff did not give his complaint to prison officials for mailing to the Court. Instead, the plaintiff executed his complaint on March 8, 2008, and sent such complaint to his friend in Boonville, Indiana. The plaintiff's friend apparently made copies of the complaint and forwarded it to the Court on March 17, 2008. Had the plaintiff simply sent the complaint directly to the Court, then under the mailbox rule, it would have been considered timely filed assuming the plaintiff gave it to prison officials on the date the complaint was executed.

Court. Tuttle v. United States Postal Service, 585 F.Supp. 55, (M.D.Pa. 1983) (citing Kubrick at 117-18.)).

The statute specifically states that the claim must be filed within six months after the date of mailing. The plaintiff's contention that the statute of limitations should be tolled for 58 days would extend the six-month period beyond what Congress intended and cannot stand. Equitable tolling in suits against the United States is only available in exceptional circumstances. See Muth v. United States, 1 F.3d 246, 251 (4th Cir. 1993). Therefore, equitable tolling is only available when a claimant has exercised due diligence in preserving his legal rights, id., or can show that the defendant "attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." See English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). In this case, the agency clearly and correctly informed the plaintiff that he had six months from the date of denial to file suit in federal court. The plaintiff was not mislead by the agency, nor did the agency make any misrepresentations. Moreover, even assuming that plaintiff's ability to timely file his claim was hampered for 58 days, he still had plenty of time to file a timely claim in federal court.[4] Thus, the plaintiff's lack of diligence does not comport with a finding of equitable tolling.

---

[4] The plaintiff's administrative tort claim was denied on September 10, 2007. At that time, the plaintiff was incarcerated at FCI- Sandstone. See Defendant's Reply (dckt. 26). The plaintiff remained at FCI-Sandstone until December 19, 2007, when he began his transit in route to FCI-Englewood. Id. Therefore, the plaintiff's incarceration at FCI-Sandstone was uninterrupted for a period of approximately three months after his claim was denied. The BOP's records show that the plaintiff was then in transit for 58 days before he arrived at FCI-Englewood on February 14, 2008. Id. At that time, the plaintiff still had an additional month to prepare and file his claim in federal court. The plaintiff failed to do so. Moreover, as mentioned in note 3, infra, even with the interruption, the plaintiff could have timely filed his claim. Given these circumstances, the Court does not believe that the plaintiff can show due diligence in filing his claim. The fact that the plaintiff was proceeding *pro se* or that he did not promptly receive certain documents from the BOP are simply not reasons enough to overcome the plaintiff's lack of diligence.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss (dckt. 21) be **GRANTED** and the plaintiff's complaint be **DISMISSED with prejudice** as time-barred.

Within ten (10) days after being served with a copy of this Opinion/Repot and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 25, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE