IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY J. LOGAN DOERR, SR.,**

  **Plaintiff,**

**V.**            **CIVIL ACTION NO. 1:08cv92**
                  **(Judge Keeley)**
**UNITED STATES OF AMERICA,**

  **Defendant.**

## ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION

On March 19, 2008, pro se plaintiff, Timothy Doerr, Sr. ("Doerr"), filed a Complaint against the United States under the Federal Tort Claims Act ("FTCA") alleging that the government is liable for the negligent loss of $350 from the inmate trust account that he maintained while an inmate at FCI-Gilmer. On July 2, 2008, the government filed a motion to dismiss. Doerr filed a response on July 25, 2008, and the government filed a reply five days later.

The Court referred this matter to Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1). On September 25, 2008, Magistrate Judge Kaull issued an R&R recommending that the government's motion to dismiss be granted and that Doerr's claim be denied and dismissed with prejudice as time-barred. On October 14, 2008, Doerr timely filed objections. After reviewing the R&R and Doerr's objections, the Court directed the government to submit additional documentation proving the date the Bureau of Prisons ("BOP") mailed its final denial of claim to Doerr. On February 11,

2009, the government filed the requested documentation with the Court.

After de novo review, this Court finds that Doerr's objections lack merit and the Court, therefore, **ADOPTS** the recommendations of the R&R and **DENIES** and **DISMISSES WITH PREJUDICE** the plaintiff's claim.

### I. Background

Doerr contends that the government is liable for $350 that allegedly went missing from the inmate trust account he maintained at FCI-Gilmer in Glenville, West Virginia. Doerr initially filed an administrative claim, which the BOP investigated and subsequently denied. The BOP's final denial letter, dated September 10, 2007, informed Doerr that he had six months from the date of the letter to bring suit in an appropriate United States District Court. Thus, the BOP effectively told Doerr that he had until March 10, 2008, to file a complaint. He did not file until March 19, 2008.

The government filed a motion to dismiss Doerr's Complaint, alleging that it is time-barred under the FTCA. In response, Doerr argued that the six-month statute of limitations should be tolled by 58 days to account for the time he was in transit between prisons, without access to his property.

### II. Magistrate Judge Kaull's R&R

In his R&R, Magistrate Judge Kaull found that Doerr's claim is time-barred because the FTCA, which partially waives the federal government's sovereign immunity, must be strictly construed. Moreover, Magistrate Judge Kaull concluded that Doerr was not entitled to an equitable tolling of the six-month statute of limitations because he did not exercise due diligence in preserving his claim, nor did the government mislead him regarding his claim. Magistrate Judge Kaull, therefore, recommended that the government's motion to dismiss be granted and Doerr's Complaint be denied and dismissed with prejudice.

### III. Doerr's Objections to the R&R

Doerr objected to Magistrate Judge Kaull's R&R by reasserting his belief that the six-month statute of limitations should be tolled by 58 days to account for the time he was in transit. He also claims that he missed the filing deadline because he has limited resources and, therefore, felt that he had to rely on a friend to forward his Complaint to the Court.

### IV. De Novo Review

After de novo review of the Magistrate Judge's R&R and Doerr's objections, the Court adopts the recommendations set forth in the Magistrate Judge's R&R.

**V. Analysis**

Under the FTCA, a "claim against the United States shall be forever barred unless it is . . . begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim . . . ." 28 U.S.C. § 2401(b) (emphasis added). This statute of limitations is a jurisdictional requirement and "the circumstances of its waiver must be scrupulously observed and not expanded by the courts." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000).

On September 13, 2007, the BOP mailed its final denial of Doerr's claim, which was dated September 10, 2007. Because Doerr did not file his Complaint against the United States by March 13, 2008, he filed outside the six-month statute of limitations set forth in the FTCA, and thus his Complaint is time-barred. Although the BOP's denial letter incorrectly informed Doerr that he had to bring suit within six months of the date of the letter (September 10, 2007), instead of six months of the date the BOP mailed the letter (September 13, 2007), this error is immaterial because Doerr still missed the filing deadline, albeit by six days instead of nine.

Although Doerr argues that the statute of limitations should be tolled because he was in transit for two months of the six-month

4

filing window and because he lacks financial resources, equitable tolling is not appropriate where the claimant failed to exercise due diligence in preserving his claim. Id. at 280. Moreover, equitable tolling is <u>only</u> appropriate "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Id. (emphasis added).

Doerr did not exercise due diligence in preserving his claim, nor did the government deceptively mislead him regarding the existence of a cause of action. First, Doerr had from September 13, 2008 until March 13, 2008 to file his Complaint. He did not file until March 19, 2008. Although he was in transit for two months during the six-month filing window, he still had ample time to file his claim. Doerr, therefore, failed to exercise due diligence in preserving his claim.

Second, the Government did not deceptively mislead Doerr in an attempt to conceal the existence of a cause of action. Although the BOP incorrectly shaved three days off the six-month filing window by instructing Doerr to file his claim by March 10, 2008, instead of by March 13, 2008, this error is immaterial because the BOP did not lead him to believe he had <u>more</u> time to file his claim. In fact, it led him to believe he had <u>less</u> time to file, and yet, Doerr still missed not only the BOP's erroneous deadline of March

5

10, 2008, but also the correct statutory deadline of March 13, 2008.

Doerr's claim, therefore, is "forever barred" under 28 U.S.C. § 2401(b) because he did not file his claim "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim."

### VI. Conclusion

For the reasons stated herein, the Court **ADOPTS** the recommendations set forth in the R&R. It **GRANTS** the defendant's Motion to Dismiss (dkt. no. 21), **DENIES** Doerr's FTCA claim as time-barred (dkt. no. 1)**,** and **DISMISSES** the case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, by certified mail, return receipt requested.

DATED: February 17, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE